ORIGINAL
D&F
C/M

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 0 4 2008 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
GERARD SCHULTZ,

        Plaintiff,

-against-

TRIBUNE COMPANY, INC., NEWSDAY, INC.,
ROBERT BRENNAN, ROBERT GARCIA,
RAYMOND JANSEN, LOUIS SITO, TIMOTHY
P. KNIGHT, and "JOHN DOES and JANE
DOES,"

        Defendants.
----------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 06-CV-4800 (FB) (CLP)

*Appearances*
*For Plaintiff:*
RUTH M. POLLACK, ESQ.
21 West Second Street, Suite 13
Riverhead, NY 11901-0120

*For Defendants Tribune Company, Inc., Newsday, Inc., and Timothy P. Knight:*
ERIC G. HOFFMAN, ESQ.
Sidley Austin LLP
787 Seventh Avenue
New York, NY 10019

**BLOCK, Senior District Judge:**

        Gerard Schultz ("Schultz") alleges that his termination from employment at Newsday, Inc. was unlawful. Schultz claims that he was terminated as retaliation for his role as a whistleblower in a scandal at the company in which the paper reported inflated circulation figures in order to charge advertisers higher rates ("circulation scandal"). The present motions appeal rulings by Magistrate Judge Ramon E. Reyes regarding the discovery dispute between Schultz, on the one hand, and Tribune Company, Newsday, Inc., and Timothy P. Knight ("Tribune Defendants"), on the other. Because all of Schultz's arguments are meritless, his appeal is denied in its entirety.

1

I

Schultz alleges that he learned of the fraud underlying the circulation scandal in 1999 and reported it up the chain of command, but it was not addressed. He was eventually coerced into participating in the fraud at the risk of being fired. His participation included creating a fraudulent list of newspaper sales to be given to an independent auditor investigating the paper's circulation. Schultz was terminated on September 2, 2004. Tribune Defendants contend that he was fired for his participation in the circulation scandal and for lying when interviewed in the course of the company's internal investigation.

Schultz brought suit on September 1, 2006. He served his first discovery requests over a year and ten months later, on July 17, 2008. *See* Tr. of Pretrial Conference 52. Discovery closed on August 29, 2008. *See* Scheduling Order, Docket Entry #53. At that time Schultz had not sought any depositions. *See* Tr. of Pretrial Conference 44.

There has been a criminal investigation into the circulation scandal, in the course of which Tribune Defendants produced a set of documents to the United States Attorney's Office and the Securities and Exchange Commission ("government productions"). Pursuant to discovery in this action, Schultz has requested copies of the government productions. Tribune Defendants allowed Schultz to inspect approximately 1.1 million pages of documents and claim that this is all of the government productions. Schultz contends that not all of the government productions were made available to him. His evidence is a series of cover letters from Tribune Defendants to the government that discuss the government productions. Schultz claims that some documents referred to in the cover

letters are not in the 1.1 million pages he was allowed to inspect, although he does not call the Court's attention to any specific examples.

Schultz presented this argument to Magistrate Judge Reyes in a pretrial conference on September 19, 2008; the magistrate judge rejected the argument from the bench because Schultz offered no documentary evidence that anything was missing from the 1.1 million-page production. The magistrate judge ordered Tribune Defendants to confirm that the 1.1 million pages included all the government productions, gave Schultz another opportunity to inspect the documents, and ordered Tribune Defendants to let him make copies in order to give Schultz a chance to present evidence that there were documents missing. The magistrate judge gave Schultz one week to complete this review. Instead of taking advantage of this opportunity, Schultz made a motion presenting the same argument to the Court that he had made to the magistrate judge.

On September 24, 2008, Schultz submitted a letter motion which does not explicitly request any relief but was entered on ECF as "First MOTION to Compel Immediate Production and other relief." Docket Entry #90. The Court interprets it as a motion to compel production of that part of the government productions that Schultz claims was missing from the documents he inspected. On October 7, 2008, Schultz filed another motion, self-styled as a "Certificate in Support of Supplemental Motion to Appeal Magistrate's Order and Other Relief." Docket Entry #96 (hereinafter "Pl.'s Cert."). The primary purpose of these motions is apparently to appeal the discovery rulings made by the magistrate judge on September 19, although a wide range of other relief is also requested.

II

A discovery ruling by a magistrate judge is a nondispositive matter; as such the Court will "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. Proc. 72(a). "A district court is justified in finding a magistrate judge's ruling 'clearly erroneous' where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008) (internal quotation marks omitted) (collecting cases). This is a "highly deferential standard of review." *Id.* at 178.

> Schultz requests the following relief:
>
> a) restoring his claims of intentional and negligent infliction of emotional distress; b) enlarging discovery for sixty (60) days after defendants turn over all outstanding discovery, c) compelling, with attorneys' fees awarded to plaintiff, defendants to immediately turn over the materials in the CD ROMs provided the government in the cover letters and all other materials in its possession; d) reversing the Magistrate's award of a protective order and his order of counsel fees to defendants, and e) such other and further relief as is just and proper.

Pl.'s Cert. 23. Nothing in Schultz's submissions shows that Judge Reyes's order is erroneous or contrary to law. The Court will discuss each request for relief in turn.

**A. Restoration of Dismissed Claims**

The claims in question were dismissed by District Judge Leonard D. Judge Wexler. *See Schultz v. Tribune Company, Inc.*, No. CV 06-4800 (E.D.N.Y. Sept. 4, 2007). There is no reason to revisit this year-old order. *See Potts v. Village of Haverstraw*, 93 F.2d 506, 509

(2d Cir. 1937) ("It is of course essential to any orderly conduct of an action or suit, that, at least unless upon the most extreme provocation, a second judge shall not vacate any order of an earlier judge.").

## B. Allegedly Outstanding Discovery and Enlargement of Discovery

Schultz has offered no reason to believe that there remains any outstanding discovery for the Tribune Defendants to produce. The Tribune Defendants represent that they have produced all the discovery ordered by Judge Reyes, including "(a) all documents that support or refute Tribune Defendants' defenses, (b) all documents concerning Mr. Schultz's participation in the circulation scandal, and (c) all documents constituting Mr. Schultz's 'personnel file' or other 'employment records' maintained by Newsday and Tribune." Def.'s Resp. 4. Although Schultz repeatedly accuses the Tribune Defendants of failing to comply with discovery, see, e.g., Pl.'s Cert. 3 ("[D]efendants have to date completely denied to plaintiff the discovery he duly demanded and which is required by law."), he has given the Court no *evidence* that Tribune Defendants are withholding discovery. Schultz continues to maintain that not all of the government productions were included in the material he inspected, although he does not articulate any justification for this position, such as, for example, pointing out a document referred to by the government cover letters that was not in the material he inspected.

Schultz also offers no reason that the time for discovery should be extended. "A party seeking to reopen discovery bears the burden of establishing good cause and discovery should not be extended when there was ample opportunity to pursue the evidence

during discovery." *Pharmacy, Inc. v. Am. Pharm. Partners, Inc.*, No. CV 05-776, 2008 WL 4415263, at *3 (E.D.N.Y. Sept. 24, 2008) (citing *Trebor Sportswear Co. v. Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Schultz's argument for reopening discovery appears to be based on his insistence that Tribune Defendants have not produced all the documents he demands. Schultz contends that, once he gets more documents, he will need time to examine them in preparation for future depositions. However, as mentioned above, Schultz has not given the Court any reason to order further production of documents from Tribune Defendants. Furthermore, Schultz's failure to make any effort to pursue discovery for almost two years after commencing this suit makes it quite clear that he has not shown good cause for reopening discovery.

> As Judge Reyes succinctly put it:
>
> When the first document request is made a year after the initial disclosures that are alleged to have been insufficient and the [first] document request is on the eve of the close of discovery, you can't complain that you didn't have time to take depositions because you didn't get the documents that you didn't request until discovery was almost over.

Tr. of Pretrial Conference 55.

## C. The Government Productions

The Federal Rules require the party responding to a discovery request to make documents available, not necessarily to provide copies. *See Clever View Invs., Ltd. v. Oshatz*, 233 F.R.D. 393, 394 (S.D.N.Y. 2006) ("[A] party need only make requested documents available for inspection and copying; it need not pay copying costs." quoting *Brassco, Inc. v. Klipo*, No. 99 Civ.3014, 2004 WL 1385816, at *5 (S.D.N.Y. June 21, 2004)). As previously

mentioned, Schultz inspected the government productions. The magistrate judge gave Schultz an opportunity to inspect them again and present evidence to the Court of missing documents. Schultz has provided no reason to conclude that the magistrate judge's perfectly sensible ruling denying Schultz's request that Tribune Defendants furnish copies of the materials on CD is erroneous or is contrary to law.

**D. Protective Order**

Schultz's motion regarding the protective order is untimely. The protective order was granted on August 25, 2008 and entered on ECF the same day; Schultz's October 7 motion was filed more than ten days after the magistrate judge's order. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to."). Regardless of the issue of timeliness, the motion should not be granted. Schultz's appeal of the order appears to be motivated by the mistaken impression that the protective order limits the discovery available to him. *See* Pl.'s Mem. of Law 2-3 ("[T]he Magistrate has never laid eyes on any of the materials it has permitted criminal/corporate defendants a protective order for while at the same time it denied plaintiff access to."). On the contrary, the protective order merely limits the circumstances in which protected material may be disclosed after it has been produced in discovery. Schultz's submissions do not mention any way in which the protective order has adversely affected him or his ability to prosecute his case, nor do they present any reason to conclude that the protective order was erroneous or contrary to law.

### E. Attorney's Fees

Shultz's counsel was ordered to pay to the Clerk of the Court a sanction of $1,000 for failure to comply with the Court's discovery orders. In addition, Tribune Defendants were awarded $6,422.59 from Schultz's counsel for attorney's fees and costs associated with their motions to compel. Shultz makes two arguments in opposition to these sanctions. First, Schultz argues that the court "fails to cite any legal basis at all for . . . its orders and threats of sanctions against plaintiff for seeking discovery." Pl's Cert. 5. The order granting defendants' motion for sanctions states: "The motion is granted as it is unopposed and as defendants have established the propriety of sanctions." Order Granting Mot. for Sanctions, Sept. 11, 2008, Docket Entry #77. The sanctions were imposed for Schultz's failure to comply with discovery orders, not for "seeking discovery," and are clearly authorized by the Rules. *See* Fed. R. Civ. P. 37(b)(2)(C).

Second, Schultz argues that the redactions in the bills submitted by Tribune Defendants mean the bills cannot be verified and requests a hearing on fees. Pl.'s Cert. 6. According to defendants, the redactions hide entries for work not relevant to the fees Schultz was ordered to reimburse. In any event, the redacted entries are obviously irrelevant because they were not added to the total that Schultz was ordered to pay; whatever is in the redacted entries cannot have affected the fees charged to Schultz.

## CONCLUSION

Schultz's motions are denied in their entirety.

**SO ORDERED.**  s/FB

Dated: Brooklyn, New York
November 26, 2008

FREDERIC BLOCK
Senior United States District Judge